## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| AARON L. JONES,<br>   Appellant, | DOCKET NUMBER<br>DC-0752-21-0345-I-1 |
|   v. | |
| GOVERNMENT PUBLISHING<br> OFFICE,<br>   Agency. | DATE:  September 4, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Lawrence A. Berger</u>, Esquire, Glen Cove, New York, for the appellant.

<u>Sandi Boyd</u>, Esquire, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### FINAL ORDER

The agency has filed a petition for review of the initial decision, which reversed the agency's demotion action on the charges of failure to follow applicable rules, laws, regulations, or policies and careless or negligent

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

performance of duties. For the reasons discussed below, we GRANT the agency's petition for review and REVERSE the administrative judge's finding that the agency failed to prove the charge of careless or negligent performance of duties. The appellant's demotion is SUSTAINED.

## BACKGROUND

The appellant was a PQ-0083-07 Supervisory Police Officer for the U.S. Government Publishing Office (GPO) Uniformed Police Branch, Security Services Division in Washington, D.C. Initial Appeal File (IAF), Tab 1 at 1, 7. On August 11, 2020, a GPO employee (hereinafter GPO Employee) entered a security checkpoint building in the rear of the GPO parking lot and placed his lunch bag in the X-ray machine for screening. IAF, Tab 19 at 92. The Special Police Officer on duty identified what appeared to be a firearm and notified the GPO Police Control Center. *Id.* A GPO Police Officer responded to the scene shortly thereafter and verified that the outer pocket of the GPO Employee's bag contained a loaded Glock Model 33 semi-automatic firearm. *Id.* The GPO Employee told the responding GPO Officer that he had forgotten he had left his pistol in his lunch bag and produced permits to carry the firearm from Utah, Florida, Maryland, and Pennsylvania. IAF, Tab 7 at 11. At some point it became known that the GPO Employee was not licensed to carry a firearm in the District of Columbia (D.C.) and that he did not have a firearm registered in D.C. *See* IAF, Tab 7 at 9, Tab 8 at 18-19, Tab 9 at 4.

The responding GPO Officer contacted the appellant, his supervisor, and when the appellant arrived on the scene, the appellant removed the firearm from the outer pocket and placed it inside the lunch bag. IAF, Tab 19 at 92. The appellant then allowed the responding GPO Officer and a second GPO Police Officer to escort the GPO Employee to his truck in the GPO lot and allowed the responding GPO Officer to place the GPO Employee's bag containing the loaded firearm into the rear of the GPO Employee's truck. *Id.* The appellant then

instructed another officer to inform the responding GPO Officer to conduct a wants and warrants check on the GPO Employee, which came back clear. *Id.*; *see also* IAF, Tab 7 at 9, 11. Shortly afterward, the appellant allowed the GPO Employee to drive his vehicle with the loaded gun off GPO property and back to his residence in Maryland. IAF, Tab 19 at 92.

By letter dated November 17, 2020, the agency proposed demoting the appellant based on one charge of failure to follow applicable rules, laws, regulations, or policies and one charge of careless or negligent performance of duties as a result of the August 2020 incident when the appellant failed to confiscate the GPO Employee's firearm and place him under arrest for the illegal possession of a firearm. *Id.* at 91-95. On March 9, 2021, the agency sustained the charges and the decision to demote the appellant. IAF, Tab 1 at 7-9. The appellant was demoted from a PQ-0083-07 Supervisory Police Officer to a PQ-0083-05 non-lead Police Officer effective March 14, 2021. *Id.* at 7.

The appellant filed the instant Board appeal on April 13, 2021. IAF, Tab 1. After holding the requested hearing, the administrative judge reversed the agency's demotion action. IAF, Tab 39, Initial Decision (ID) at 1. The administrative judge concluded that the agency failed to prove by a preponderance of the evidence the charge of failure to follow applicable rules, laws, regulations, or policies; specifically, the administrative judge found that the agency failed to prove that the appellant had violated GPO Directive 825.38B, GPO Directive 630.5A, D.C. Code § 22-4504,[2] D.C. Code § 7-2506.01, and 18 U.S.C. § 930.[3] ID at 4-10; IAF, Tab 19 at 92-94. He also concluded that the

---

[2] In the proposal letter, the agency alleges that the appellant violated D.C. Code § 22-5504 and cites the language of that provision. IAF, Tab 19 at 93. However, the language cited comes from D.C. Code § 22-4504. The administrative judge did not identify this error in the initial decision. *See* ID at 7.

[3] GPO Directive 825.38B provides that, with the exception of law enforcement personnel, no person entering or on GPO property will carry or possess a firearm; GPO Directive 630.5A provides that possession of a weapon on GPO property will not be tolerated and may result in corrective action; D.C. Code § 22-4504 prohibits persons in D.C. from carrying a pistol without a D.C. license; D.C. Code § 7-2506.01 states that no

agency failed to show that the appellant's actions—returning the GPO Employee's loaded firearm to him on Federal property and failing to arrest him—were negligent. ID at 10-11. Because the administrative judge reversed the demotion action, he ordered the agency to return the appellant to his supervisory position with back pay plus interest. ID at 11-12. The initial decision did not address the issue of interim relief.

The agency has filed a petition for review. Petition for Review (PFR) File, Tab 1. The appellant has filed a response. PFR File, Tab 3. The agency has filed a reply. PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

The agency's failure to provide interim relief does not warrant dismissal of its petition for review.

The Board expects that an initial decision in which the appellant is the prevailing party will contain a statement as to whether interim relief is provided effective upon the date of the decision, pending the outcome of any petition for review. *Stewart v. Department of Transportation*, 2023 MSPB 18, ¶ 11; *see* 5 C.F.R. § 1201.111(b)(4). However, when an appellant is the prevailing party in an initial decision issued under 5 U.S.C. § 7701(b), but the initial decision is silent on the issue of interim relief, the agency is required to provide interim relief by operation of statute. *Stewart*, 2023 MSPB 18, ¶ 10. Thus, there is no need for the Board to order interim relief at this stage, as the appellant requests.

The appellant's request regarding interim relief is akin to a petition to enforce an interim relief order while a petition for review is pending; the Board treats such petitions as motions to dismiss the agency's petition for review. *See Johnson v. Department of Veterans Affairs*, 2023 MSPB 9, ¶ 7. Although it is undisputed that the agency did not make any efforts to provide interim relief while its petition for review was pending, we do not exercise our discretion to

person shall possess ammunition in D.C.; and 18 U.S.C. § 930 concerns persons knowingly possessing or causing to be present a firearm in a Federal facility. IAF, Tab 19 at 92-94.

dismiss the petition for review on that basis. *See Thome v. Department of Homeland Security*, 122 M.S.P.R. 315, ¶ 16 (2015) (the Board's authority to dismiss an agency petition under 5 C.F.R. § 1201.116(e) is discretionary, not mandatory). The agency did not have the benefit of the Board's decision in *Stewart*, and therefore, it did not have clear notice that it was required to provide interim relief if the initial decision was silent on that issue.[4]

The administrative judge considered the correct standard of review.

The agency argues on review that the appellant's position as a police officer and supervisor required a different standard of review than that of an ordinary employee and that the administrative judge thus erred by failing to analyze its decision to hold the appellant to a higher standard of conduct because of his position as a law enforcement officer and supervisor. PFR File, Tab 1 at 14-16. The agency appears to erroneously conflate separate issues here. There is no separate standard of review in adverse action cases for law enforcement officers or supervisors. Although the Board has held that an agency is entitled to hold law enforcement officers and supervisors to a higher standard of conduct in the context of evaluating the reasonableness of the agency's chosen penalty, the reasonableness of the agency's penalty was not at issue in the initial decision because the administrative judge did not sustain the agency's charges. *See, e.g., Neuman v. U.S. Postal Service*, 108 M.S.P.R. 200, ¶ 23 (2008); *Brown v. U.S. Postal Service*, 64 M.S.P.R. 425, 433-34 (1994); *see also Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-07 (1981). Thus, the agency's argument is without merit.

---

[4] Although we are not granting the appellant any relief for the agency's failure to provide interim relief at this time, he may still have the opportunity to obtain such relief. Pursuant to 5 C.F.R. § 1201.116(g), if the initial decision granted the appellant interim relief, but the appellant is not the prevailing party in the final Board order disposing of a petition for review, and the appellant believes that the agency has not provided full interim relief, the appellant may seek to file an enforcement petition with the regional office under 5 C.F.R. § 1201.182. Upon our issuance of this Board final order, the appellant may file a motion with the regional office pursuant to 5 C.F.R. § 1201.116(g) regarding the agency's apparent failure to provide interim relief.

The agency similarly claims that the administrative judge failed to apply the proper and heightened standard for police officers and supervisors in analyzing whether the appellant was careless or negligent in the performance of his duties.  PFR File, Tab 1 at 18.  We also find this argument unavailing.  The administrative judge cited the correct standard for negligence in the performance of official duties.  ID at 10 (citing *Mendez v. Department of the Treasury*, 88 M.S.P.R. 596, ¶ 26 (2001) (stating that "[c]ulpable negligence in the performance of official duties is a failure to exercise the degree of care required under the particular circumstances, which a person of ordinary prudence in the same situation and with equal experience would not omit")); *see also Thomas v. Department of Transportation*, 110 M.S.P.R. 176, ¶ 9 (2008), *aff'd per curiam*, 330 F. App'x 920 (Fed. Cir. 2009).  To the extent that the agency is arguing that the administrative judge applied that standard incorrectly, we are unpersuaded because the administrative judge specifically found that "the appellant exercised the degree of care required of a law enforcement officer with more than 25 years of experience" in concluding that the agency failed to show that the appellant was negligent.  ID at 11.  Notwithstanding this finding and the outcome of the negligence charge, which is addressed further below, the administrative judge's conclusion shows that he considered the correct standard.

The administrative judge erred in analyzing the charge of careless or negligent performance of duties.

The agency argues that the administrative judge both abused his discretion and made an error of law affecting the outcome of the case when he found that D.C. Code § 22-4504.02 allowed the GPO Employee to transport his firearm through D.C. to his home in Maryland.  PFR File, Tab 1 at 19-22.  D.C. Code § 22-4504.02 provides that an individual "not otherwise prohibited by the law from transporting, shipping, or receiving a firearm shall be permitted to transport a firearm for any lawful purpose from any place where he may lawfully possess and carry the firearm to any other place where he may lawfully possess and carry

the firearm" if the firearm is transported in accordance with the rest of that section. IAF, Tab 19 at 95. In the proposal, the agency referenced D.C. Code § 22-4504.02 in Charge 2 in alleging that the appellant was careless and/or negligent in the performance of his duties because he returned the loaded firearm to the GPO Employee, even though the GPO Employee was not legally allowed to possess and carry a firearm on Federal property, and because he then allowed the GPO Employee to drive into D.C. with the firearm. *Id.* In the initial decision, the administrative judge concluded that the agency failed to prove the appellant's decision to return the GPO Employee's loaded firearm was negligent or careless in part because D.C. Code § 22-4504.02 allows an individual to transport a firearm to a place where he may lawfully possess and carry the firearm, and the appellant directed the GPO Employee to transport his gun to Maryland where it was registered. ID at 11. The administrative judge also mentioned D.C. Code § 22-4504.02 in his discussion of Charge 1. ID at 8-9.

We agree with the agency that the administrative judge erroneously applied D.C. Code § 22-4504.02 to the facts at issue here and that the error affected the outcome of the case as to Charge 2. *See* 5 C.F.R. § 1201.115. As the agency points out, the administrative judge ignored the fact that D.C. Code § 22-4504.02 explicitly provides that an individual shall be permitted to transport a firearm only if he is first traveling from a "place where he may lawfully possess and carry the firearm." *See* PFR File, Tab 1 at 20-21; *see also Pirkkala v. Department of Justice*, 123 M.S.P.R. 288, ¶ 7 (2016) (finding that the starting point for every case involving statutory construction is the language of the statute itself and that, when statutory language is clear, it must control absent clearly expressed legislative intent to the contrary). The GPO Employee was not licensed to carry a firearm in D.C. and did not have a firearm registered in D.C., and the appellant was aware of that fact. *See* IAF, Tab 7 at 9, Tab 8 at 18-19, Tab 9 at 4, Tab 28 at 10. We find that this was a significant legal error in the administrative judge's

conclusion that the appellant was not negligent or careless in returning the GPO Employee's loaded firearm. *See* ID at 11.

With respect to the agency's concurrent argument that the administrative judge's application of D.C. Code § 22-4504.02 constituted an abuse of discretion, we disagree. *See* PFR File, Tab 1 at 21. The abuse of discretion standard is a very high standard that allows for great deference, and here, the administrative judge was not abusing his discretion as he was only analyzing—albeit incorrectly—whether the appellant complied with a provision of the D.C. Code that the agency cited in its proposal letter. *See* ID at 8, 11; IAF, Tab 19 at 95; *see also Lipscomb v. Department of Defense*, 69 M.S.P.R. 484, 487 (1996).

The agency also argues on review that the initial decision contains an erroneous finding of material fact with respect to the appellant's decision to allow the GPO Employee to take his loaded firearm back home to Maryland. PFR File, Tab 1 at 11. The Board will grant a petition for review when the petitioner makes a showing that the initial decision contains erroneous findings of material fact. 5 C.F.R. § 1201.115(a). To be material, an alleged factual error must be of sufficient weight to warrant an outcome different from that of the initial decision, and the petitioner must explain why the challenged factual determination is incorrect and identify specific evidence in the record that demonstrates the error. *Id.*

In the initial decision, the administrative judge suggests that the appellant's decision to allow the GPO Employee to take his loaded gun back home was reasonable, and not negligent or careless, in part because the appellant testified that there was no facility nearby to properly store or clear the loaded firearm and the appellant was worried about the gun misfiring. ID at 5, 7-8, 11. On review, the agency argues that the administrative judge's conclusion that there was no facility nearby to clear a loaded firearm was an erroneous finding of material fact because it is contradicted by the appellant's own testimony that there was in fact a nearby location where the GPO Employee's gun could have been safely

unloaded. PFR File, Tab 1 at 11. It argues that "an analysis using the corrected factual information will lead to a different result." *Id.* at 12.

We agree that the administrative judge made a material factual error here. The appellant's own hearing testimony establishes that there is a "clearing barrel" inside the GPO building where all officers are able to safely handle their weapons and ammunition at the beginning of each shift. *See* IAF, Tab 37-4, Hearing Recording (HR) (Jones 4) at 17:00-18:45. The GPO building is adjacent to the security checkpoint building and GPO parking lot where the events at issue took place. *See* ID at 2; IAF, Tab 19 at 92. Thus, contrary to the administrative judge's finding, there was indeed a facility nearby that the appellant was familiar with where the appellant could have safely unloaded the GPO Employee's unregistered and unlicensed firearm instead of giving it back as he found it. Furthermore, we find, given the proper reading of D.C. Code § 22-4504.02 and the presence of the clearing barrel, that the appellant was careless or negligent by failing to remove the ammunition from the GPO Employee's firearm to make it safe and by allowing the GPO Employee to drive through D.C. back to Maryland with the loaded firearm.

<u>The administrative judge failed to consider all the relevant evidence regarding the charge of careless or negligent performance of duties.</u>

The agency also argues on review that the administrative judge erred by ignoring important witness testimony on a disputed issue and by failing to explain the basis for his credibility determinations regarding the agency's policy on making arrests during August 2020. PFR File, Tab 1 at 16-18. As the Board has consistently stated, an initial decision must summarize the evidence and resolve issues of credibility. *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987); *Spithaler v. Office of Personnel Management*, 1 M.S.P.R. 587, 589 (1980). To resolve credibility issues, an administrative judge must identify the factual questions in dispute, summarize the evidence on each disputed question, state which version he believes, and explain in detail why he found the chosen

version more credible, considering such factors as: (1) the witness's opportunity and capacity to observe the event or act in question; (2) the witness's character; (3) any prior inconsistent statement by the witness; (4) a witness's bias, or lack of bias; (5) the contradiction of the witness's version of events by other evidence or its consistency with other evidence; (6) the inherent improbability of the witness's version of events; and (7) the witness's demeanor. *Hillen*, 35 M.S.P.R. at 458. The Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). When an administrative judge's findings are not based on the observation of witnesses' demeanor, the Board is free to reweigh the evidence and substitute its own judgment on credibility issues. *Id.* at 1302. Moreover, the Board may overturn an administrative judge's credibility determinations when they are incomplete, inconsistent with the weight of the evidence, and do not reflect the record as a whole. *Faucher v. Department of the Air Force*, 96 M.S.P.R. 203, ¶ 8 (2004).

In the initial decision, the administrative judge summarily concluded that the agency did not prove that the appellant acted negligently in failing to arrest the GPO Employee because the appellant's witness, K.A., a personal friend and former GPO police officer and subordinate, testified that the agency had instructed GPO Police officers not to make arrests in August 2020 unless there was an imminent threat to life. ID at 10; *see also* IAF, Tab 37-5, HR (Jones 5) at 5:50, 8:50. The administrative judge concluded, therefore, that the appellant "appeared to be following the office protocol and GPO policy" by not arresting the GPO Employee. ID at 10. However, not only did the administrative judge fail to explain in detail why he found K.A. credible, he failed to identify and discuss testimony from the agency's witness, the Chief Security Officer and deciding official, that no such policy existed. *See Spithaler*, 1 M.S.P.R. at 589

(an initial decision must identify all material issues of fact and law, summarize the evidence, and explain how any issues of credibility were resolved and why).

At the hearing, K.A. testified that he heard officers talking about an instruction not to make arrests unless there was an imminent threat to life and that he then heard that instruction himself in roll call around August 2020, though he did not remember the exact details. IAF, Tab 37-5, HR (Jones 5) at 5:35, 10:00. The deciding official testified, to the contrary, that he was not aware of any such instruction and that the agency's policy during August 2020 was to overlook misdemeanors and to continue making arrests on all felonies, which was relayed in roll call and the police activity reports for approximately 2 years. IAF, Tab 37-1, HR (Jones 1) at 27:20, 29:35. To this end, the administrative judge failed to identify and discuss that the deciding official testified that the appellant understood this policy because the appellant put it in his own activity reports, and that the deciding official testified that all police officers receive training on how to handle felonies, such as an individual trying to enter the building with a firearm without a concealed weapon permit in D.C., and to make an arrest in that situation. *Id.* at 29:15 to 31:30.

We note that, on review, the agency also argues that the administrative judge erroneously failed to address various arrest records showing that an arrest has been made each time an individual attempted to enter the GPO building with an unpermitted loaded firearm, including a similar incident that took place only weeks before the incident at issue here. PFR File, Tab 1 at 18-19; IAF, Tab 28 at 18-47. In this vein, the administrative judge also failed to identify and discuss K.A.'s testimony that he recalled a similar firearm incident in June 2020 where an arrest was made and that, in his 20-plus year career at GPO, he could not recall a time when someone who was not a police officer attempted to bring a firearm into the building and was not arrested. IAF, Tab 37-5, HR (Jones 5) at 13:05-19:00. Thus, the administrative judge failed to discuss significant evidence relevant to a *Hillen* determination in this case.

We find the deciding official a more credible witness and reject the administrative judge's credibility findings on this arrest policy issue because they are incomplete and inconsistent with the weight of the evidence. *See Faucher,* 96 M.S.P.R. 203, ¶ 18; *see also Wallace v. Department of Commerce*, 106 M.S.P.R. 23, ¶¶ 14–16 (2007) (rejecting an administrative judge's credibility determinations for failure to consider conflicting evidence). Furthermore, given all of the above, we find that the agency proved that the appellant was negligent under the applicable standard of care for returning the GPO Employee's loaded firearm to him, which was unregistered and unlicensed in D.C., and for failing to arrest the GPO Employee for the illegal possession of a firearm in D.C., contrary to GPO policy. *See Mendez*, 88 M.S.P.R. 596, ¶ 26. We therefore sustain the charge of careless or negligent performance of duties. *See Burroughs v. Department of the Army*, 918 F.2d 170, 172 (Fed. Cir. 1990) (finding that, when more than one event or factual specification supports a single charge, proof of one or more, but not all, of the supporting specifications is sufficient to sustain the charge); *see also Hickman v. Department of Justice*, 11 M.S.P.R. 153, 155 (1982) (finding that although the agency cited to a criminal statute in its proposal notice, the agency charged the employee with particular conduct and not a violation of the criminal statute, and sustaining the charge upon proof of that particular conduct).[5]

The agency proved a connection between the appellant's misconduct and the efficiency of the service.

Because the administrative judge found that the agency failed to prove the charges and reversed the appellant's demotion, he did not make findings as to whether there is a sufficient nexus between the appellant's misconduct and the efficiency of the service, nor did he determine whether demotion is a reasonable

---

[5] In light of our decision to sustain the charge of negligent performance of duties, we need not address the agency's arguments on review regarding the charge of failure to follow applicable rules, laws, regulations, or policies. As explained below, the penalty of demotion can be sustained on the negligence charge alone.

penalty. We address those issues here. It is well settled that there is a sufficient nexus between an employee's misconduct and the efficiency of the service when, as in this case, the conduct occurred at work. *Parker v. U.S. Postal Service*, 819 F.2d 1113, 1116 (Fed. Cir. 1987); *Miles v. Department of the Navy*, 102 M.S.P.R. 316, ¶ 11 (2006). Therefore, we find that disciplining the appellant for his misconduct promotes the efficiency of the service.

The agency's penalty is appropriate.

The Board will review an agency-imposed penalty only to determine if the agency considered all the relevant factors and exercised management discretion within tolerable limits of reasonableness. *Douglas*, 5 M.S.P.R. at 305–06 (listing twelve factors relevant to the reasonableness of an agency's chosen penalty). The Board will give due weight to the agency's primary discretion in matters of employee discipline and efficiency, recognizing that the Board's function is not to displace management responsibility but to assure that managerial judgment has been properly exercised. *Id.* at 302. When the Board sustains fewer than all of the agency's charges,[6] and the agency either indicates that it would have imposed the same penalty based on the sustained charges, or does not indicate to the contrary, the Board's role is not to independently determine the penalty, but to decide whether the agency's choice of penalty is appropriate. *Negron v. Department of Justice*, 95 M.S.P.R. 561, ¶ 32 (2004) (citing *Lachance v. Devall*, 178 F.3d 1246, 1258-59 (Fed. Cir. 1999)); *see Blank v. Department of the Army*, 85 M.S.P.R. 443, ¶ 9 (2000) (explaining that when not all of the agency's charges are sustained and the agency has not indicated it desires a lesser penalty under this eventuality, the Board may presume that the agency desires the maximum reasonable penalty and must examine whether the agency-imposed penalty is within the maximum limits of reasonableness), *aff'd*, 247 F.3d 1225 (Fed. Cir.

---

[6] As noted above, we are assuming for purposes of our penalty analysis that the agency proved only the charge of careless or negligent performance of duties. *See supra* n. 6. Therefore, we are applying the legal standard for cases is which the Board sustains fewer than all of the agency's charges.

2001). Our review of the record reveals no indication that the agency desires a lesser penalty if not all of the charges are sustained. We must therefore determine whether the penalty of demotion is within the maximum limits of reasonableness.

The seriousness of the appellant's offense is always one of the most important factors considered by the Board in assessing the reasonableness of an agency's penalty determination. *Rosenberg v. Department of Transportation*, 105 M.S.P.R. 130, ¶ 30 (2007). Here, as discussed in the decision letter and the *Douglas* factors memorandum, the appellant's failure to arrest the GPO Employee for the possession of a loaded firearm unlicensed in D.C., and his decision to give that loaded firearm back, created a potentially very dangerous situation for GPO employees and the public. IAF, Tab 1 at 7-8, Tab 18 at 63-66. His failure to make an arrest was contrary to the agency's policy in August 2020 to make an arrest for all felonies—a policy which the deciding official testified was well known to the appellant—and contrary to training all GPO officers receive on how to handle such situations. IAF, Tab 37-1, HR (Jones 1) at 29:15-31:30. Further, the appellant's decision to return the GPO Employee's loaded firearm is confounding given that he testified there was a location in the GPO facility where officers are able to safely handle weapons and ammunition. IAF, Tab 37-4, HR (Jones 4) at 17:00-18:45.

In assessing whether a two-step demotion is a reasonable penalty for the sustained charge, we have also considered the appellant's past disciplinary record, his past work record, his length of service, and the agency's table of penalties. As mitigating factors, we acknowledge that the appellant has a good performance record and has not been subject to any prior disciplinary action apart from a verbal warning in February 2020 for failure to follow supervisory instructions. IAF, Tab 1 at 8, Tab 18 at 64, Tab 17 at 17. However, the appellant's negligence here in failing to arrest the GPO Employee and in returning the loaded firearm was unmistakably connected to his duties as a law

enforcement officer and supervisor. As mentioned above, agencies are entitled to hold both law enforcement officers and supervisors to a higher standard of conduct. *See, e.g.*, *Cantu v. Department of the Treasury*, 88 M.S.P.R. 253, ¶ 8 (2001) (finding that a very high standard of conduct and degree of trust were required of an appellant who held a supervisory position with law enforcement duties). The deciding official testified that he lost confidence in the appellant and how he would act when confronted with a similar situation in the future, and that he believed that a two-step demotion was appropriate because he also lost confidence in the appellant's ability to correctly train other officers. IAF, Tab 37-2, HR (Jones 2) at 30:30, 32:55. The Board has held that loss of trust is a significant aggravating factor. *See, e.g.*, *Hernandez v. Department of Agriculture*, 83 M.S.P.R. 371, ¶ 9 (1999).

Based on the specific facts of this case, we find that the agency's chosen penalty is within the parameters of reasonableness.

## NOTICE OF APPEAL RIGHTS[7]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file

---

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative receives this decision</u>. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[8] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:        _____
                      Gina K. Grippando
                      Clerk of the Board

Washington, D.C.